UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Frank Lusky, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Worldwide Asset Purchasing LLC, Equifax Inc., Experian Information Solutions, Inc., | : **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Frank Lusky, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

4. Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

6. Plaintiff, Frank Lusky (hereafter "Plaintiff"), is an adult individual residing in Chaplin, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Worldwide Asset Purchasing LLC (hereafter "Worldwide"), is a Nevada corporation with a principal place of business at Worldwide Asset Purchasing LLC, 101 Convention Center Drive, Las Vegas, Nevada 89109, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Equifax Inc. (hereafter "Equifax") is a Georgia corporation with an address of 1550 Peachtree Street Northwest, Atlanta, Georgia 30309, operating as a consumer reporting agency as the term is denied by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

9. Defendant Experian Information Solutions Inc. (hereafter "Experian" or collectively with Worldwide and Equifax "Defendants") is an Ohio corporation with a business address of 475 Anton Boulevard, Costa Mesa, California 92626, operating as a consumer reporting agency as the term is denied by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

10. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

11.     Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12.     Thereafter, the debt was purchased, assigned or transferred to Worldwide for collection from Plaintiff.

13.     Worldwide then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

14.     The Plaintiff's contested debt was resolved in his favor following a trial on January 27, 2009. See Worldwide Asset Purchasing LLC v. Lusky, 2009 No. WWM-CV-07-5001832S (Windham County Conn. Super. Ct., Jan. 27, 2009). The court found that Worldwide had failed to establish that Worldwide was the current owner of the account allegedly owed by the Plaintiff.

15.     Despite the aforementioned judgment finding that Worldwide had not shown it was the owner of the debt, Worldwide continues to report Plaintiff's account to one or more of the three national consumer reporting agencies (hereafter "CRAs") as having current balances due and payable. Worldwide has intentionally and maliciously reported accounts to the CRAs after failing to establish in court that it was the owner of said accounts.

16.     Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Worldwide.

17. Worldwide has a policy to "park" its accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit scores from the artificially lowered score which directly resulted from the Worldwide's intentional and malicious conduct.

18. In the context of "parking" an account, Worldwide had an obligation and duty under federal and state law to accurately report the balance and it is willfully and maliciously refused to do so.

19. Plaintiff's credit reports have been accessed since the discharge and therefore the false information of the Worldwide has been published to third parties.

20. Despite receiving at least one dispute regarding its false reporting, Worldwide has intentionally and knowing maintained its policy of keeping false and damaging information on at least one of Plaintiff's credit reports.

21. Plaintiff sent a letter of dispute on May 27, 2009 to Experian and Equifax. Despite receiving the dispute letter, Experian and Equifax continue to publish the debt on the Plaintiff's credit report.

22. Experian and Equifax have failed and/or refused to use reasonable diligence in verifying the accuracy of the information it had published and continues to publish in Plaintiff's credit reports.

23. Experian and Equifax has failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information it publishes in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

24. Defendants' intentional, reckless, and willful violations of the FCRA, FDCPA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing the Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which the Plaintiff will in the future continue to suffer.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.* by DEFENDANT WORLDWIDE

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Worldwide misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

27. Worldwide failed to report that the debt was disputed to the credit bureaus, in violation of 15 U.S.C. § 1692e(8).

28. The foregoing acts and omissions of Worldwide constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Worldwide's violations.

## COUNT II
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681, et seq. by THE DEFENDANTS

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

32. The Defendants willfully and/or negligently failed in the preparation of the consumer reports concerning Plaintiffs to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b).

33. The Defendants willfully and/or negligently failed to comport with reinvestigation procedures listed within 15 U.S.C. § 1681(i).

34. The Defendants willfully and/or negligently failed to fulfill their duties under the FCRA by reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of a closed account in violation of 15 U.S.C. § 1681(s-2).

35. The Defendants' acts or omissions resulted in defaming the Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness.

36. The Defendants' acts or omissions resulted in the invasion of the Plaintiff's privacy.

37. The Defendants failed in their duty to prevent foreseeable injury to the Plaintiff.

38. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business and in gross disregard of the rights of the Plaintiff.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, et seq.

40. As a result of the above violations of the FCRA, Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and the Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT III
### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Defendants are "persons" as defined by Conn. Gen. Stat. § 42-110a(3).

43. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV
### NEGLIGENT, RECKLESS AND WANTON CONDUCT BY DEFENDANT WORLDWIDE

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Worldwide's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiffs.

47. As a proximate consequence of Worldwide's negligence, Plaintiff have been caused to suffer severe emotional and mental distress.

48. As a result of Worldwide's unlawful acts, Worldwide is liable to the Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT V
## INVASION OF PRIVACY

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, published private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

51. Defendants' actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

52. As a direct and proximate consequence of Defendants' acts of invading the Plaintiff's privacy, the Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT VI
## DEFAMATION

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendants published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

55. Each time the Plaintiff's credit report was accessed, a new publication occurred, which was the result intended by Defendants.

56. The publication and defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

57. As a direct and proximate consequence of Defendants' acts of defamation, the Plaintiff has been injured in that the Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Worldwide;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Worldwide;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Worldwide;
4. Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.* against Defendants;
5. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;
6. Actual damages from Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FCRA and FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 20, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Juris No.: 425027
Attorneys for Plaintiffs